**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:09CR63** |
| **Plaintiff,** | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **JUAN P. SILVA,** | ) | |
| **Defendant.** | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR"), the Defendant's objections thereto (Filing No. 100), and the government's adoption of the PSR (Filing No. 99).[1] See Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to the following paragraphs:

- 13 & 21 - drug quantity and base offense level;
- 14 & 26 - § 3C1.2 upward adjustment for obstruction of justice;
- 41 - overstatement of criminal history category; and
- 68 - vehicle valuation and total value of assets.[2]

The objections are discussed below.

### ¶ *13 & 21 - Drug Quantity and Base Offense Level*

The plea agreement states that "the parties agree that the Defendant shall be held responsible beyond a reasonable doubt for not more than 5 kilograms of methamphetamine and. therefore, pursuant to U.S.S.G. § 2D1.1, the Defendant's base offense level is Level

---

[1] The government previously objected to the PSR, as reflected in the Addendum to the PSR.

[2] The Court has not referred to objections that only refer to the Defendant's guideline calculation based on the listed objections.

34." (Filing No. 94, ¶ 5a.) The PSR includes a drug quantity of 34.9 kilograms of methamphetamine mixture, placing the Defendant at base offense level 38. Now the Defendant argues that he should be at base offense level 32.

The Court is not at liberty to change the Investigator's statement in ¶ 13. However, the Court will consider this objection together with the objection to ¶ 21 (drug quantity and base offense level). The objection is granted insofar as the parties' stipulation in the plea agreement will be honored and the base offense level is 34. The objection is denied insofar as the Defendant contradicts the plea agreement and argues for placement in base offense level 32.

### ¶¶ 14 & 26 - Obstruction of Justice

The Defendant objects to the supporting factual background set out in ¶ 14 and the enhancement in ¶ 26 under U.S.S.G. § 3C1.2 for obstruction of justice. The objections will be heard at sentencing, and the government has the burden of proof by a preponderance of the evidence.

### ¶ 41 - Overstatement of Criminal History

The objection is denied for the following reasons: this issue should be raised in a motion for downward departure under U.S.S.G. § 4A1.3(b)(1) rather than as an objection; and even if this issue had been properly raised, no specific grounds are stated.

### ¶ 68 - Vehicle Valuation and Total Value of Assets

According to the Addendum to the PSR, this objection was not previously raised informally to the probation officer. Also, the objection does not affect the sentencing guideline range. The objection is denied.

IT IS ORDERED:

1. The Defendant's objections to ¶¶ 13 and 21 are granted in part and denied in part as stated above;

2. The Defendant's objections to ¶¶ 14 and 26 will be heard at sentencing;

3. The Defendant's objections to ¶¶ 41 and 68 are denied;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 18th day of March, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge